UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ERIC A. KLEIN,

    Plaintiff,

v.

CULTURED GOURMET, LLC,

    Defendant.

Case No. 17-cv-05034-PJH

**ORDER GRANTING MOTION TO STAY**

Re: Dkt. No. 12

    Before the court is defendant Cultured Gourmet's ("Gourmet") motion to stay this litigation pending the decision of the Patent and Trademark Office (the "PTO") on whether to grant or deny Gourmet's request for reexamination of U.S. Patent No. D 769,060 (the "'060 patent"), the sole patent at issue in this case. The matter is fully briefed and suitable for decision without oral argument. Accordingly, the hearing set for November 22, 2017 is VACATED.

    Plaintiff Eric Klein ("Klein") filed this action on August 30, 2017, alleging that Gourmet had infringed and continues to infringe on Klein's '060 patent. See Dkt. 1 ¶ 4. The '060 patent consists of a single claim for a decorative design for a device useful for fermentation of vegetables in a mason jar.

    On October 9, 2017, two days after being served, Gourmet filed with the PTO a request for ex parte reexamination of the '060 patent. That request argues, amongst other things, that Klein failed to disclose invalidating prior art during the prosecution of the '060 patent. See generally Dkt. 12-1, Ex. A at 14-30. Just ten days after being served, Gourmet filed the present motion to stay. While Klein opposes the motion, he makes no

attempt to address the relevant stay factors outlined in Gourmet's motion and discussed below.

Having read the parties' papers and carefully considered their arguments and the relevant legal authority, the court hereby GRANTS the motion as follows.

"Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination." Ethicon, Inc. v. Quigg, 849 F.2d 1422, 1426, 27 (Fed. Cir. 1988) (citations omitted). "Courts in this district examine three factors when determining whether to stay a patent infringement case pending review or reexamination of the patents: (1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party." PersonalWeb Tech., LLC v. Apple Inc., 69 F. Supp. 3d 1022, 1025 (N.D. Cal. 2014) (quotations and citation omitted).[1]

The court finds that the first factor (stage of the litigation) favors a stay, because the parties have not engaged in discovery, the claims have not been construed, and no pretrial or trial dates have been set. Gourmet has also acted expeditiously in filing its request for reexamination and the present motion to stay.

The second factor (simplification of issues and trial) favors a stay. The '060 patent consists of a single claim. The reexam, if accepted, will either dispositively resolve this litigation (if the patent is invalidated) or substantially narrow the issues at trial (if the patent is upheld).

The third factor (prejudice to the nonmoving party) also favors a stay. As an initial matter, it is unclear if Klein even argues he will be prejudiced by the stay. At best, Klein

---

[1] Plaintiff argues that it is unconstitutional for the court to stay this litigation in favor of the PTO's reexamination. This argument contradicts controlling authority. See Patlex Corp. v. Mossinghoff, 758 F.2d 594, 603-06 (Fed. Cir. 1985); Joy Tech., Inc. v. Manbeck, 959 F.2d 226, 228-29 (Fed. Cir. 1992) (reaffirming Patlex and the constitutionality of the reexamination procedure).

2

1  argues that if the court is inclined to grant a stay, Gourmet should be required to post a
2  bond of $200,000 because "it is a shell LLC without any significant assets." Dkt. 15 at 7.
3  Despite attempting to do so, Klein has not provided any support showing that the
4  $200,000 bond amount is appropriate or that Gourmet is a "shell LLC." Klein's bond
5  request is denied and Klein's argument fails to establish any prejudice.[2]

The court is also hard-pressed to find any prejudice. As discussed above, with respect to both the timing of the reexamination request and this motion to stay, Gourmet acted expeditiously. Further, while the PTO has not yet granted Gourmet's reexamination request, any potential prejudice is mitigated by the fact that the PTO must decide by December 11, 2017, whether it will initiate reexamination. See 2209 Ex Parte Reexamination (R-07.2015), MPEP § 2209(E) ("Decision on a Request for Reexamination under 25 U.SC. [§] 302 must be made no later than three months from the filing . . ."). "It is not uncommon for [ ] court[s] to grant stays pending reexamination prior to the PTO deciding to reexamine the patent." Pragmatus AV, LLC v. Facebook, Inc., No. 11-02168C, 2011 WL 4802958, at *3 (N.D.Cal. Oct. 11, 2011); see also Evolutionary Intelligence LLC v. Apple, Inc., No. 13-04201C, 2014 WL 93954, at *2 (N.D. Cal. Jan 9, 2014).

If the PTO decides not to accept the reexamination request, the case will be stayed for less than one month, which could hardly be considered prejudicial. If the PTO accepts the request, then the PTO's conclusion will resolve or substantially narrow the issues in this action.

In light of the above, the court finds that a stay would be beneficial, at least until the PTO decides whether to grant Gourmet's requested reexamination. The court GRANTS the motion for a stay, pending the PTO's decision regarding Gourmet's request for reexamination of the '060 patent. If the PTO accepts Gourmet's request, the stay will

---

[2] In the alternative, Klein requests the court enjoin Gourmet from selling the allegedly infringing product during the pendency of any stay. See Dkt. 15 at 8. This request is also denied.

3

continue until the PTO completes its reexamination.  If the request for reexamination is denied, the court will lift the stay, and will schedule a case management conference.  In either case, the parties shall advise the court as soon as the PTO has issued a decision accepting or denying Gourmet's reexamination request.

**IT IS SO ORDERED.**

Dated: November 13, 2017

_____
PHYLLIS J. HAMILTON
United States District Judge

4