UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ERIC A. KLEIN,

    Plaintiff,

    v.

CULTURED GOURMET, LLC,

    Defendant.

Case No. 17-cv-05034-PJH

**ORDER GRANTING MOTION FOR LEAVE TO FILE AN AMENDED ANSWER**

Re: Dkt. No. 36

Before the court is defendant Cultured Gourmet, LLC's ("defendant") motion for leave to file an amended answer (Dkt. 36). The matter is fully briefed and suitable for decision without oral argument. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court **GRANTS** the motion for the following reasons.

## BACKGROUND

This case is an action for infringement of a patent concerning a design for vegetable fermenting kitchenware. Compl. ¶ 4. Defendant filed its initial answer on October 27, 2017. Dkt. 14. On January 16, 2020, following on almost two-year stay in litigation pending the Patent and Trademark Office's ex parte reexamination of the patent at issue, defendant filed its motion for leave to file an amended answer. Dkt. 36. In its proposed amended answer (Dkt. 36-1), defendant seeks to add an affirmative defense of unclean hands, as well as an allegation in support of its preexisting inequitable conduct affirmative defense. Compare Dkt. 14 with Dkt. 36-1 at ¶¶ 19-30, 36.

**DISCUSSION**

**A.     Legal Standard**

Under Rule 15, a party generally may amend its pleadings as a matter of course within 21 days of their service.  Fed. R. Civ. Pro. 15(a)(1).  After that, a party may amend its pleadings only if it obtains the opposing party's written consent or leave of court.  Fed. R. Civ. Pro. 15(a)(2).  In the latter scenario, courts "should freely give leave when justice so requires."  Id.

When deciding whether to grant leave, courts consider the following five factors: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint."  In re W. States Wholesale Nat. Gas Antitrust Litig., 715 F.3d 716, 738 (9th Cir. 2013).  In the Ninth Circuit, "[n]ot all of the factors merit equal weight," rather "it is the consideration of prejudice to the opposing party that carries the greatest weight."  Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

"The party opposing amendment bears the burden of showing prejudice."  DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 187 (9th Cir. 1987).  Absent such showing, or a strong showing under the above remaining factors, "there exists a *presumption* under Rule 15(a) in favor of granting leave to amend."  Eminence Capital, LLC, 316 F.3d at 1052 (emphasis in the original).

**B.     Analysis**

Here, plaintiff failed to rebut the presumption favoring leave to amend.  In its opening brief, defendant explained why each relevant factor cuts in favor of amendment.  Dkt. 36 at 3-5.  Significantly, defendant pointed out that (1) "the record before the court shows no indication of a bad faith purpose" for its request, (2) it filed this request early in this litigation, (3) as of the time of the motion's filing, "discovery ha[d] just begun," (4) the additional factual allegations proffered in the amended answer would support its unclean hands and inequitable conduct defenses, and (5) defendant has not previously sought leave to amend.  Id.

In its two-page opposition, plaintiff challenges the merits of several of the affirmative defenses. In particular, plaintiff argues the following: (1) defendant is judicially and collaterally estopped from asserting its first (unclean hands), sixth (inequitable conduct), seventh (estoppel), and eighth (implied license) affirmative defenses (all numbered as amended) because of its purported prior representations to Magistrate Judge Ryu in a previously remanded action, Cultured Gourmet LLC v. Klein, 15-1631; (2) defendant's first affirmative defense is improper in a patent-related action; and (3) defendant's third affirmative defense (invalidity) is insufficiently specific. Dkt. 37 at 2. Plaintiff does not address any of the factors controlling whether granting the requested leave is proper. Most fatal, plaintiff failed to make any showing that it would be prejudiced by defendant's requested amendments.

Further, various of the affirmative defenses challenged by plaintiff in its opposition appear entirely unaffected by defendant's amendments. Compare Dkt. 14 (first through fourth, sixth, and seventh affirmative defenses) with Dkt. 36-1 (second through fifth, seventh, and eighth affirmative defenses). In any event, whatever the merits of plaintiff's criticisms (which themselves neglect any reference to controlling authority), its opposition to the instant motion is not the proper vehicle to raise them.

## CONCLUSION

For the foregoing reasons, the court **GRANTS** defendant's motion for leave to file an amended answer. Accordingly, the court **ORDERS** defendant to refile its proposed amended answer (Dkt. 36-1), which, when refiled, will serve as defendant's operative amended answer.

**IT IS SO ORDERED.**

Dated: May 12, 2020

/s/ Phyllis J. Hamilton
PHYLLIS J. HAMILTON
United States District Judge